25-2072-cv
*Khan, et al. v. Sedicii Innovations Ltd., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of July, two thousand twenty-six.

PRESENT:    GUIDO CALABRESI,
            SARAH A. L. MERRIAM,
                 *Circuit Judges*,
            LEWIS J. LIMAN,
                 *District Judge*.*

_____

MURAD MICHAEL KHAN, KYLE ARMOUR,
UNWORQ LLC, JONATHAN KUO,
HAPPY WALTERS, DAVID MALKA,
JAKE UDELL,

     *Plaintiffs-Appellants*,†


      v.                                                      25-2072-cv

_____

* Judge Lewis J. Liman of the United States District Court for the Southern District of New York, sitting by designation.

† The Clerk of Court is directed to amend the caption as set forth above.

SEDICII INNOVATIONS LIMITED, ROBERT LESLIE, *individually and in his official capacity as Trustee of the Employee Share Participation Program*,

  *Defendants-Appellees.*

_____

FOR PLAINTIFFS-APPELLANTS:  NICHOLAS A. DUSTON (Danielle M. DeFilippis, Benjamin D. Schwartz, *on the brief*), Norris McLaughlin, P.A., New York, NY

FOR DEFENDANTS-APPELLEES:  ERIC J. BODEN, Brach Eichler LLC, Roseland, NJ

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION,** the July 28, 2025, judgment of the District Court is **AFFIRMED**.

Plaintiffs-appellants Murad Michael Khan, Kyle Armour, Unworq LLC, Jonathan Kuo, Happy Walters, David Malka, and Jake Udell (the "IP Investors"), appeal from the District Court's order dismissing their claims against defendants-appellees Sedicii Innovations Limited ("Sedicii") and Robert Leslie for lack of personal jurisdiction and on the basis of *forum non conveniens*.  On appeal, the IP Investors contend that defendants' contacts with New York are sufficient to establish specific personal jurisdiction and that the District Court's dismissal on the alternative ground of *forum non conveniens* rests on an erroneous finding of fact and an unreasonable balancing of the relevant factors.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

**BACKGROUND**

The following facts are drawn from the operative Second Amended Complaint and are "taken as true to the extent they are uncontroverted by the defendant's affidavits." *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993) (citation modified). The IP Investors are U.S.-based investors in Sedicii, a private company incorporated and existing under Irish Law. Sedicii's President, Robert Leslie, is a citizen and permanent resident of Ireland. The IP Investors allege that Leslie directly solicited them to invest in Sedicii by promoting Sedicii's "alleged relationship with the Integra Network – a blockchain project that filled an important market niche during the 2021 cryptocurrency boom and one of the few projects that have been very successful." App'x at 22. After being told that they would be able to "exchange any investment made with Sedicii into Integra Tokens," *id.*, the IP Investors each invested between 10,000 and 25,000 euros in Sedicii, *see id.* at 14-15, 30-31.

As part of the investment, the IP Investors entered into a shareholder agreement which stated, *inter alia*: "This Agreement and any dispute arising from it shall be governed by and construed in accordance with the laws of Ireland." *Id.* at 62. The shareholder agreement further provided: "Each of the Parties hereto irrevocably and unconditionally submits to the non-exclusive jurisdiction of the courts of Ireland for any of the purposes of this Agreement." *Id.* When the IP Investors learned that "the

3

Defendants *failed* to enter into an agreement with Integra Network," *id.* at 32, the IP Investors brought claims against Sedicii and Leslie for fraudulent inducement, breach of contract, breach of fiduciary duty, and unjust enrichment under New York common law.

Defendants moved to dismiss the Second Amended Complaint for lack of personal jurisdiction, failure to state a claim, and on *forum non conveniens* grounds. In support, defendants submitted sworn declarations from Leslie and from Sedicii's Director of Innovation and Strategy, Patrick Curry. The IP Investors filed a memorandum in opposition to the motion to dismiss, but did not submit any affidavits or other evidence in support of their assertion of personal jurisdiction. The District Court granted the motion to dismiss, holding that there was neither general nor specific personal jurisdiction over Sedicii and Leslie, and in the alternative, that dismissal on *forum non conveniens* grounds was warranted. *See Khan v. Sedicii Innovations Ltd.*, No. 1:23CV01094(PAE), 2025 WL 2491140 (S.D.N.Y. July 28, 2025). This appeal followed.

## DISCUSSION

"We review a dismissal for lack of personal jurisdiction *de novo*." *Okla. Firefighters Pension & Ret. Sys. v. Banco Santander (México) S.A. Institución de Banca Múltiple*, 92 F.4th 450, 455-56 (2d Cir. 2024). To defeat such a motion, "a plaintiff must make a prima facie showing that jurisdiction exists. Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Id.* (citation modified). Jurisdictional allegations in the complaint are taken as true only "to the extent they are uncontroverted by the defendant's affidavits." *MacDermid, Inc. v. Deiter*, 702

4

F.3d 725, 727 (2d Cir. 2012) (citation modified); *accord Spetner v. Pal. Inv. Bank*, 70 F.4th 632, 637 (2d Cir. 2023).

## I.       New York's Long-Arm Statute

We look to New York's long-arm statute, N.Y. C.P.L.R. §302(a)(1), to determine whether the District Court may exercise specific personal jurisdiction over Sedicii or Leslie.  To determine whether it has specific personal jurisdiction under §302(a)(1), "a court must decide (1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action arises from such a business transaction." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (citation modified); *see also Licci v. Lebanese Can. Bank, SAL*, 20 N.Y.3d 327, 334 (2012).  If those requirements are met, then the court must also satisfy itself that the exercise of personal jurisdiction comports with constitutional due process.  *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002).

Under the first requirement,[1] "the overriding criterion necessary to establish a transaction of business within the meaning of [§302(a)(1)] is that a non-domiciliary must commit an act by which it purposefully avails itself of the privilege of conducting activities within New York," "thus invoking the benefits and protections of its laws." *Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 277 (2d Cir. 2024) (citation modified).  "Not all purposeful activity, however, constitutes a 'transaction of business' within the meaning of" §302(a)(1).  *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380 (2007).  The New York

---

[1] Because we conclude that the first requirement is not met, we do not reach the second.

Court of Appeals has held, for instance, that "merely telephoning a single order to New York," "the transitory presence of a corporate official" in New York, and "communications and shipments sent [to New York] by an out-of-state doctor serving as a consultant to [a] New York physician . . . do not support" jurisdiction under §302(a)(1). *Id.* (citation modified).

## II.    Analysis

The IP Investors have failed to meet their burden to establish specific personal jurisdiction over defendants under §302(a)(1); specifically, they have failed to adequately allege that defendants "transacted business" in New York.  In their main brief on appeal, the IP Investors focus on a single argument: that the District Court improperly relied on Leslie's declaration to assess personal jurisdiction over Sedicii.[2] *See* Appellants' Br. at 14-20.  Specifically, the IP Investors argue that the District Court failed to "conduct an independent analysis for each [of] Sedicii and Leslie on Appellees' asserted defense of lack of personal jurisdiction." *Id.* at 18.  That is true.  But this argument misses the mark, and their appeal fails, for several reasons.

First, the District Court properly considered and credited Leslie's Declaration.  Specifically, the Court was entitled to, and did, credit Leslie's declaration – which he made in his capacity as "the chief executive officer of" Sedicii, App'x at 100 – in

---

[2] The IP Investors make no meaningful argument challenging the District Court's conclusion that they failed to establish personal jurisdiction *over Leslie*.  Any such claim is therefore forfeited. *See Tripathy v. McKoy*, 103 F.4th 106, 118 (2d Cir. 2024) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed forfeited.  It is likewise settled that an appellant forfeits any argument not raised in his opening brief." (citation modified)).

assessing personal jurisdiction over both Leslie *and* Sedicii. Of course, "[a] corporation,

possessing an identity only in a legal sense, necessarily speaks through its agents." *In re*

*Payroll Express Corp.*, 186 F.3d 196, 207 (2d Cir. 1999).

The District Court was likewise entitled to credit Curry's declaration, which the IP

Investors do not even mention in their appellate briefing, in evaluating personal

jurisdiction over Sedicii. These declarations effectively rebutted the allegations in the

Second Amended Complaint regarding defendants' transaction of business in New York. [3]

Second, and most importantly, the IP Investors fail to make any persuasive

argument regarding the *merits* of the personal jurisdiction question on this record. They

contend that a reference to "NYC Investors" in the Shareholder Agreement provides

"incontrovertible proof" that Sedicii "did business in New York with 'NYC Investors.'"

Appellants' Br. at 17. But the mere fact that some investors may have been from New

York does not mean that Sedicii "purposefully availed itself of the privilege of

---

[3] Appellants argue that it was error for the District Court to rely on Leslie and Curry's declarations, to the extent they were inconsistent with the allegations of the complaint, relying on *Dorchester Financial Securities, Inc. v. Banco BRJ, S.A.*, 722 F.3d 81 (2d Cir. 2013). *See* Appellants' Br. at 23. It is true that some of the language in *Dorchester* suggests that, in the absence of an evidentiary hearing, a district court must accept the well-pleaded allegations of a complaint even if those allegations are countered by "direct, highly specific . . . evidence regarding a fact essential to jurisdiction." *Dorchester*, 722 F.3d at 86. But appellants read *Dorchester* without considering its context; in *Dorchester*, a factual hearing was necessary because *both* plaintiffs *and* defendant submitted evidence, giving rise to disputed issues of fact. *See id.* at 85-86. Here, the IP Investors submitted no affidavits and no evidence in response to defendants' declarations, instead electing to rest solely on the allegations of the operative complaint. Our decisions both before and after *Dorchester* have consistently held that when considering a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the court is required to accept the well-pled allegations of the complaint *only to the extent that* they are not controverted by evidence, including declarations, submitted by the defendant. *See, e.g., Spetner*, 70 F.4th at 637; *MacDermid*, 702 F.3d at 727.

7

conducting activities within New York and, thus, transacted business." *Zembrka*, 118 F.4th at 277.[4]

Third, the IP Investors make no arguments on appeal regarding most of the jurisdictional allegations in the Second Amended Complaint. These include that defendants "regularly transact business" in New York, that Sedicii "maintains and makes heavy use of bank accounts in New York," and that Sedicii "maintains . . . subsidiaries in New York State and has agents in New York." Appx' at 18-19. These allegations were successfully rebutted by the Leslie and Curry declarations and, as noted, the IP Investors submitted no evidence countering those declarations.

The other allegations of the Second Amended Complaint are likewise insufficient. As to the allegation that the "vast majority of funds that Sedicii raised was in" New York, App'x at 19, this allegation is purely conclusory and is not supported by the record. The Second Amended Complaint asserts that Sedicii raised at least 610,000 euros in the United States but identifies only 35,000 euros invested by New York citizens. It alleges that 90,000 euros were invested by named plaintiffs that are citizens of other United States jurisdictions. This does not support an inference that the "vast majority" of American investments came from New York. Furthermore, the summons issued in the Irish litigation (which is attached to Leslie's declaration) reflects investments of 235,000 euros made by citizens of the United Kingdom and the Netherlands, suggesting that

---

[4] Indeed, Curry's declaration indicates that he is one of the "NYC Investors," as that term is defined, and that "[n]o activities in connection with [his] investment in Sedicii occurred in New York." App'x at 111.

significant funds were raised outside of the United States.  *See* App'x at 106-07.

The arguments the IP Investors raise for the first time on appeal are similarly conclusory and unavailing.  To the extent the IP Investors argue on appeal that Sedicii had agents other than Leslie in New York, *see* Appellants' Br. at 14, this argument is conclusory, and no allegation to that effect appears in the Second Amended Complaint.  Indeed, the Second Amended Complaint expressly asserts that *Leslie* was "the promoter of the fraud and the individual who committed the breaches described" therein.  App'x at 17.  Having explicitly alleged that their claims are based on Leslie's conduct, the IP Investors cannot now contend that some other unknown and unnamed "agent" conducted fraudulent solicitations in New York on behalf of Sedicii.

Similarly, the IP Investors' belated attempt to argue that someone other than Leslie engaged in a "Roadshow" on behalf of Sedicii in New York fails.  The Second Amended Complaint clearly alleges that it was Leslie that "went on a Roadshow" and indeed describes it as "Leslie's 2021 Roadshow."  App'x at 22.

The IP Investors elected – for whatever reason – not to provide affidavits in support of personal jurisdiction in response to the Leslie and Curry declarations.  On appeal, they make only conclusory and speculative arguments.  In sum, they have failed to establish that either Leslie or Sedicii transacts business in New York sufficient to satisfy §302(a)(1).

Fourth and finally, the IP Investors' challenge to the District Court's denial of jurisdictional discovery fails.  "We review a district court's denial of jurisdictional discovery for abuse of discretion, always mindful that a district court has wide latitude to

9

determine the scope of discovery." *Arch Trading Corp. v. Republic of Ecuador*, 839 F.3d 193, 206 (2d Cir. 2016) (citation modified). In their request for discovery before the District Court, the IP Investors simply argued that such discovery would not prejudice defendants. They did not explain, however, what information they could obtain that was otherwise unavailable to them and would support their jurisdictional allegations. *See Gualandi v. Adams*, 385 F.3d 236, 245 (2d Cir. 2004) (affirming denial of jurisdictional discovery where plaintiffs failed to meet their burden of "demonstrat[ing] that additional discovery was needed in order to decide the jurisdictional issue"). They simply asserted: "Generally, Plaintiffs who have shown that they have a reasonable basis for assuming jurisdiction may be allowed limited discovery with respect to the jurisdictional issues." Mem. of Law by Pls. in Opposition of Mot. to Dismiss pursuant to Rule 12(b)(2) and (b)(6) at 6, *Khan v. Sedicii Innovations Ltd.*, No. 1:23CV01094(PAE), 2025 WL 2491140 (S.D.N.Y. July 28, 2025), Dkt. No. 51.

The IP Investors have not shown that there is a reasonable basis for believing that defendants transacted business in New York, as required under §302(a)(1). We find no abuse of discretion in the District Court's decision to deny jurisdictional discovery.

## CONCLUSION

We have considered appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10